## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUST ONE LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHITE MARK UNIVERSAL INC., a California corporation, DORON HAZUT, an individual, SIGMA UNLIMITED, INC. D/B/A EEVEE, a California corporation, SALLY K. GROUP, INC. D/B/A LEGGINGS DEPOT, a California corporation, YONG JU KIM, an individual, KOHL'S, INC., a Delaware corporation, KOHL'S CORPORATION, a Wisconsin corporation, BELK, INC., a Delaware corporation, PENNEY OPCO LLC, a Virginia corporation, OLD COPPER COMPANY, INC., a Delaware corporation, SNAPCOMMERCE GOODS INC. D/B/A SUPER, a Delaware corporation, AMAZON.COM SERVICES LLC, a Delaware limited liability company, WALMART INC., a Delaware corporation, WAL-MART.COM USA, LLC, a California limited liability company, BOSCOV'S, INC., a Pennsylvania corporation, GROUPON, INC., a Delaware corporation, TARGET CORPORATION, a Minnesota corporation, THREAD HABIT, LLC, an Illinois limited liability company, ADRIENNE TUCKER, an individual, BRAVADA INTERNATIONAL, LTD., a Delaware corporation, JANE MARKETPLACE, LLC, a Delaware limited liability company, MACHIN CREATIONS, INC D/B/A COZI BEAR BOUTIQUE, an Oregon corporation, and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No.: 1:23-cv-7480<br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Just One LLC ("Just One" or "Plaintiff"), through its undersigned counsel, complain and allege against defendants White Mark Universal Inc. ("White Mark"), Doron Hazut ("Hazut") (Hazut and White Mark are collectively the "White Mark Defendants"), Sigma Unlimited, Inc. dba Eevee ("Eevee"), Sally K. Group, Inc. dba Leggings Depot ("Leggings Depot"), Yong Ju Kim ("Kim") (Kim and Leggings Depot are collectively the "Leggings Depot Defendants") (the White Mark Defendants, Eevee, and the Leggings Depot Defendants are collectively the "Wholesaler Defendants"), Kohl's, Inc., Kohl's Corporation (Kohl's Corporation and Kohl's, Inc. are collectively the "Kohl's Defendants"), Belk, Inc. ("Belk"),  Penney OpCo LLC, Old COPPER Company, Inc. (Penney OpCo LLC and Old COPPER Company, Inc. are collectively the "JCPenney Defendants"), SnapCommerce Goods Inc. dba Super ("Super"), Amazon.com Services LLC ("Amazon"), Walmart Inc., Wal-Mart.com USA, LLC (Walmart Inc. and Wal-Mart.com USA, LLC are collectively the "Walmart Defendants"), Boscov's, Inc. ("Boscov's"), Groupon, Inc. ("Groupon"), Target Corporation ("Target"), Thread Habit, LLC ("Thread Habit"), Adrienne Tucker ("Tucker") (Thread Habit and Tucker are collectively the "Thread Habit Defendants"), Bravada International, Ltd. ("Bravada"), Jane Marketplace, LLC ("Jane"), Machin Creations, Inc dba Cozi Bear Boutique ("Cozi Bear") (Jane and Cozi Bear are collectively the "Jane Defendants") (the Kohl's Defendants, Belk, the JCPenney Defendants, Super, Amazon, the Walmart Defendants, Boscov's, Groupon, Target, the Thread Habit Defendants, Bravada, and the Jane Defendants are collectively the "Retailer Defendants"), and John Does 1-20 (the "John Doe Defendants") (the Wholesaler Defendants, the Retailer Defendants, and the John Doe Defendants are collectively the "Defendants") as follows:

2

## NATURE OF ACTION

1.      This is an action for copyright infringement that arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

2.      Just One designs and produces apparel, accessories, and beauty products under its Just One brand and private label brands and has been doing so since 2007.

3.      This action arises out of the various Defendants' reproduction, manufacturing, sourcing, distribution, promotion, and/or sale of certain leggings offered by the Wholesaler Defendants (collectively, the "Infringing Leggings"), all of which bear a design virtually identical to Just One's federally registered design. The Infringing Leggings sold by the Defendants are available for purchase in this judicial district, as evidenced by the purchases arranged for by Just One that are discussed herein.

## THE PARTIES

4.      Just One is a New York limited liability company with a principal place of business of 1410 Broadway, 3rd Floor, New York, New York, 10018.

5.      On information and belief, White Mark Universal Inc. is a California corporation with a principal place of business at 1220 Maple Ave Ste 911, Los Angeles, California, 90015. On information and belief, White Mark designs, manufactures, distributes, markets and sells apparel products under the brand name WHITE MARK, including certain leggings bearing the infringing design at issue in this action (the "White Mark Leggings").

6.      On information and belief, Doron Hazut is the Chief Executive Officer of White Mark Universal, Inc. and has an address of 766 East 14th Street, Los Angeles, CA 90021. United States Patent and Trademark Office records show that a Don Hazut owns the active U.S. trademark registration for WHITE MARK (Reg. No. 6,331,479) which is applied to the White Mark

Leggings. On information and belief, Doron Hazut and Don Hazut are the same individual. On information and belief, Hazut supervises White Mark's design process and sales and derives financial benefit from White Mark's sales.

7.      On information and belief, the White Mark Defendants maintain the interactive website at the domain name <whitemarkfashion.com>, which is accessible in this judicial district and throughout the world, and through which the White Mark Defendants promote, market, advertise, and sells products, including the White Mark Leggings, direct to consumers and to retailers in this judicial district and elsewhere.

8.      On information and belief, Sigma Unlimited, Inc. ("Eevee") is a California corporation with a principal place of business at 2016 Camfield Ave, Commerce, California 90040. On information and belief, Sigma Unlimited, Inc. designs, manufactures, distributes, markets and sells apparel products under the brand name EEVEE, including certain leggings bearing the infringing design at issue in this action (the "Eevee Leggings"). United States Patent and Trademark Office records show that Sigma Unlimited, Inc. owns the active U.S. trademark registration for EEVEE (Reg. No. 5,661,363).

9.      On information and belief, Eevee maintains the interactive website at the domain name <eeveeleggings.com>, which is accessible in this judicial district and throughout the world, and through which Eevee, promotes, markets, advertises, and sells products, including the Eevee Leggings, direct to consumers and to retailers into this judicial district and elsewhere.

10.     On information and belief, Sally K. Group, Inc. ("Leggings Depot") is a California corporation with a principal place of business at 5190 S. Santa Fe Ave., Vernon, California, 90058. On information and belief, Sally K. Group, Inc. designs, manufactures, distributes, markets and sells apparel products under the brand name LEGGINGS DEPOT, including certain leggings

bearing the infringing design at issue in this action (the "Leggings Depot Leggings").

11.    On information and belief, Yong Ju Kim is the Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director of Sally K. Group, Inc. and has an address of 716 Valley View Road, South Pasadena, California, 91030. United States Patent and Trademark Office records show that Yong Ju Kim owns the active U.S. trademark registration for LEGGINGS DEPOT (Reg. No. 5,817,053) which is applied to the Leggings Depot Leggings. On information and belief, as Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director, Kim supervises Leggings Depot's design process and sales and derives financial benefit from Leggings Depot's sales.

12.    On information and belief, the Leggings Depot Defendants maintain the interactive website at the domain name <www.leggingsdepot.com>, which is accessible in this judicial district and throughout the world, and through which the Leggings Depot Defendants promote, market, advertise, and sell products, including the Leggings Depot Leggings, for purchase in this judicial district and elsewhere.

13.    On information and belief, Kohl's, Inc. is a Delaware corporation with a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. On information and belief, Kohl's, Inc. operates Kohl's stores as well as online retail at kohls.com.

14.    On information and belief, Kohl's Corporation is a Wisconsin corporation with a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. On information and belief, Kohl's Corporation operates Kohl's stores as well as online retail at kohls.com and is the parent company of Kohl's, Inc.

15.    On information and belief, the Kohl's Defendants maintain the interactive website at the domain name <www.kohls.com>, which is accessible in this judicial district and throughout

the world, and through which the Kohl's Defendants promote, market, advertise, and sell products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

16.     On information and belief, Belk, Inc. is a Delaware corporation with a principal place of business at 2801 West Tyvola Road, Charlotte, North Carolina, 28217. On information and belief, Belk, Inc. operates Belk stores as well as online retail.

17.     On information and belief, Belk maintains the interactive website at the domain name <www.belk.com>, which is accessible in this judicial district and throughout the world, and through which Belk promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

18.     On information and belief, Penney OpCo LLC is a Virginia corporation with a principal place of business at 1209 N Orange St, Wilmington, Delaware, 19801. On information and belief, Penney OpCo LLC operates JCPenney stores as well as online retail and began doing so on or about December 7, 2020, assuming the liabilities of Old COPPER Company, Inc. in the process.

19.     On information and belief, Old COPPER Company, Inc. is a Delaware corporation domiciled in Delaware. On information and belief, Old COPPER Company, Inc. operated JCPenney stores as well as online retail prior to December 7, 2020.

20.     On information and belief, the JCPenney Defendants maintain the interactive website at the domain name <www.jcpenney.com>, which is accessible in this judicial district and throughout the world, and through which the JCPenney Defendants promote, market, advertise, and sell products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

21.    On information and belief, SnapCommerce Goods Inc. is a Delaware corporation doing business under the name Super, with a principal place of business at 1249 Stirling Rd #2, Dania Beach, Florida 33004. On information and belief, SnapCommerce Goods Inc. acquired the business operating as "DailySteals" at dailysteals.com in or about December of 2021.

22.    On information and belief, Super maintains the interactive website at the domain name <www.super.com>, which is accessible in this judicial district and throughout the world, and through which Super promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

23.    On information and belief, Amazon.com Services LLC is a Delaware limited liability company with a principal place of business at 410 Terry Avenue North, Seattle, Washington, 98109.

24.    On information and belief, Amazon maintains the interactive website at the domain name <www.amazon.com>, which is accessible in this judicial district and throughout the world, and through which Amazon promotes, markets, advertises, and sells, or assists third parties in the sale of, products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

25.    On information and belief, Walmart Inc. is a Delaware corporation with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716. On information and belief, Walmart Inc. operates Walmart stores as well as online retail and is the parent company of Wal-Mart.com USA, LLC.

26.    On information and belief, Wal-Mart.com USA, LLC is a California limited liability company with a principal place of business at 850 Cherry Avenue, San Bruno, CA 94066. On information and belief, Wal-Mart.com USA, LLC operates online retail at Walmart.com.

27.     On information and belief, the Walmart Defendants maintain the interactive website at the domain name <www.walmart.com>, which is accessible in this judicial district and throughout the world, and through which the Walmart Defendants promote, market, advertise, and sell, or assist third parties in the sale of, products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

28.     On information and belief, Boscov's, Inc. is a Pennsylvania corporation with a principal place of business at 4500 Perkiomen Ave, Reading, Pennsylvania, 19606. On information and belief, Boscov's, Inc. operates Boscov's stores as well as online retail.

29.     On information and belief, Boscov's maintains the interactive website at the domain name <www.boscovs.com>, which is accessible in this judicial district and throughout the world, and through which Boscov's promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

30.     On information and belief, Groupon, Inc. is a Delaware corporation with a principal place of business at 600 W. Chicago Ave, Chicago, IL, 60654. On information and belief, Groupon, Inc. operates Groupon.com.

31.     On information and belief, Groupon maintains the interactive website at the domain name <www.groupon.com>, which is accessible in this judicial district and throughout the world, and through which Groupon promotes, markets, advertises, and sells, or assists third parties in the sale of, products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

32.     On information and belief, Target Corporation is a Minnesota corporation with a principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. On information and belief, Target Corporation operates Target stores as well as online retail.

33.     On information and belief, Target maintains the interactive website at the domain name <www.target.com>, which is accessible in this judicial district and throughout the world, and through which Target promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

34.     On information and belief, Thread Habit, LLC is an inactive Illinois limited liability company with a principal place of business at 3311 202nd St, Lynwood, IL, 60411. On information and belief, Thread Habit, LLC operates online retail at threadhabit.com.

35.     On information and belief, Adrienne Tucker is the Manager of Thread Habit, LLC and has an address of 3311 202nd St, Lynwood, IL, 60411. On information and belief, as sole Manager of Thread Habit, Tucker supervises Thread Habit's sourcing and sales and derives financial benefit from Thread Habit's sales.

36.     On information and belief, the Thread Habit Defendants maintain the interactive website at the domain name <www.threadhabit.com>, which is accessible in this judicial district and throughout the world, and through which the Thread Habit Defendants promote, market, advertise, and sell products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

37.     On information and belief, Jane Marketplace, LLC is a Delaware limited liability company with a principal place of business of 3401 N Thanksgiving Way, Suite 300, Lehi, Utah, 84043. On information and belief, Jane Marketplace, LLC operates the online retail marketplace found at the domain name <Jane.com>, which is accessible in this judicial district and throughout the world, and through which Jane promotes, markets, advertises, and sells, or assists third parties in the sale of, products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

38.     On information and belief, Machin Creations, Inc is an Oregon corporation with a principal place of business at 1947 Pacific Ct SE, Stayton, Oregon, 97383. On information and belief, Machin Creations, Inc does business as "Cozi Bear Boutique" and operates the Cozi Bear Boutique online retail found at the domain names <https://jane.com/sellers/cozi-bear-boutique> and <cozibearboutique.com>, which are accessible in this judicial district and throughout the world, and through which Machin Creations, Inc promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

39.     On information and belief, Bravada International, Ltd. is a Delaware corporation with a principal place of business at 1458 S San Pedro St, Unit L31, Los Angeles, CA 90015. On information and belief, Bravada International, Ltd. operates the following online retail websites: "World of Leggings" found at <www.worldofleggings.com>, "USA Fashion" found at <www.usafashion.com>, "Leggings Wholesale Superstore" found at <www.leggingswholesale.com>, and "Only Leggings Superstore" found at <www.onlyleggings.com>. On information and belief, the foregoing online retail websites operated by Bravada are accessible in this judicial district and throughout the world, and are means by which Bravada promotes, markets, advertises, and sells products, including the Infringing Leggings, to consumers in this judicial district and elsewhere.

40.     The John Doe Defendants, whose identities are currently unknown, are persons or entities who have purchased the goods at issue in this litigation from the Wholesaler Defendants and distributed, promoted, offered for sale and sold such goods to consumers and others in the trade in stores or online, or in both, including into this judicial district. The John Doe Defendants will be added as parties when they have been identified in the course of discovery.

41.     On information and belief, the foregoing Defendants have manufactured, distributed, promoted, advertised, marketed, sold, offered for sale, and/or shipped Infringing Leggings to wholesale customers and/or direct to consumers in this judicial district.

## JURISDICTION AND VENUE

42.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the copyright laws of the United States.

43.     This Court has personal jurisdiction over White Mark because, on information and belief, White Mark has sold, offered for sale, distributed, and/or shipped White Mark Leggings to consumers in this judicial district, including one such sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over White Mark because, on information and belief, White Mark has sold, offered for sale, distributed, and/or shipped White Mark Leggings to wholesale customers throughout the United States and in this judicial district, and those wholesale customers have in turn sold, offered for sale, distributed, and/or shipped White Mark Leggings to consumers in this judicial district, including the sales into this judicial district detailed in this Complaint.

44.     This Court has personal jurisdiction over Hazut because, on information and belief, as Chief Executive Officer, Hazut supervises White Mark's design process and sales, including offering for sale and selling the White Mark Leggings to consumers and wholesale customers in this judicial district as detailed in this Complaint, and derives financial benefit from White Mark's sales. This Court also has personal jurisdiction over Hazut because, on information and belief, Hazut is the registrant of the active U.S. Trademark registration for WHITE MARK which is applied to the White Mark Leggings.

11

45.     This Court has personal jurisdiction over Eevee because, on information and belief, the Eevee has sold, offered for sale, distributed, and/or shipped Infringing Products to consumers in this judicial district. This Court also has personal jurisdiction over Eevee because, on information and belief, Eevee has sold, offered for sale, distributed, and/or shipped Eevee Leggings to wholesale customers throughout the United States and in this judicial district, and those wholesale customers have in turn sold, offered for sale, distributed, and/or shipped Eevee Leggings to consumers in this judicial district, including the sales into this judicial district detailed in this Complaint.

46.     This Court has personal jurisdiction over Leggings Depot because, on information and belief, Leggings Depot has sold, offered for sale, distributed, and/or shipped Leggings Depot Leggings to wholesale customers throughout the United States and in this judicial district, and those wholesale customers have in turn sold, offered for sale, distributed, and/or shipped Leggings Depot Leggings to consumers in this judicial district, including the sale into this judicial district detailed in this Complaint.

47.     This Court has personal jurisdiction over Kim because, on information and belief, as Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director, Kim supervises Leggings Depot's design process and sales, including offering for sale and selling the Leggings Depot Leggings to wholesale customers who have sold to consumers in this judicial district as detailed in this Complaint, and derives financial benefit from Leggings Depot's sales. This Court also has personal jurisdiction over Kim because Kim is the registrant of the active U.S. Trademark registration for LEGGINGS DEPOT which is applied to the Leggings Depot Leggings.

48.     This Court has personal jurisdiction over the Kohl's Defendants because, on information and belief, the Kohl's Defendants have sold, offered for sale, distributed, and/or

shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over the Kohl's Defendants because, on information and belief, the Kohl's Defendants have regularly transacted business in New York (including operating dozens of retail locations in New York), regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over the Kohl's Defendants because, on information and belief, they maintain at least one corporate office in this judicial district at 1400 Broadway, New York, New York, 10018. Finally, this Court has personal jurisdiction over the Kohl's Defendants because Kohl's, Inc. has registered with the New York Department of State for authority to do business in New York.

49.     This Court has personal jurisdiction over Belk because, on information and belief, Belk has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Belk because, on information and belief, Belk has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

50.     This Court has personal jurisdiction over the JCPenney Defendants because, on information and belief, the JCPenney Defendants have sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over the JCPenney Defendants because, on information and belief, the JCPenney Defendants have regularly

transacted business in New York (including operating several retail locations in New York), regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over the JCPenney Defendants because Penney OpCo LLC has registered with the New York Department of State for authority to do business in New York.

51.     This Court has personal jurisdiction over Super because, on information and belief, Super has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Super because, on information and belief, Super has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

52.     This Court has personal jurisdiction over Amazon because, on information and belief, Amazon has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Amazon because, on information and belief, Amazon has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over Amazon because, on information and belief, it maintains at least one corporate office in this judicial district at 450 West 33rd Street, New York, New York 10001. Finally, this

Court has personal jurisdiction over Amazon because Amazon has registered with the New York Department of State for authority to do business in New York.

53.    This Court has personal jurisdiction over the Walmart Defendants because, on information and belief, the Walmart Defendants have sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over the Walmart Defendants because, on information and belief, the Walmart Defendants have regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over the Walmart Defendants because both Walmart Defendants have registered with the New York Department of State for authority to do business in New York.

54.    This Court has personal jurisdiction over Boscov's because, on information and belief, Boscov's has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Boscov's because, on information and belief, the Walmart Defendants have regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over Boscov's because Boscov's has registered with the New York Department of State for authority to do business in New York.

55.    This Court has personal jurisdiction over Groupon because, on information and belief, Groupon has sold, offered for sale, distributed, and/or shipped Infringing Leggings to

customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Groupon because, on information and belief, Groupon has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over Groupon because Groupon has registered with the New York Department of State for authority to do business in New York.

56.     This Court has personal jurisdiction over Target because, on information and belief, Target has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Target because, on information and belief, Target has regularly transacted business in New York (including operating several retail locations in this judicial district), regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings. In addition, this Court has personal jurisdiction over Target because, on information and belief, they maintain at least one corporate office in this judicial district.

57.     This Court has personal jurisdiction over Thread Habit because, on information and belief, Thread Habit has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Thread Habit because, on information and belief, Thread Habit has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

16

58.     This Court has personal jurisdiction over Tucker because, on information and belief, as Manager, Tucker supervises Thread Habit's sourcing and sales, including offering for sale and selling the Infringing Leggings to consumers in this judicial district including as detailed in this Complaint, and derives financial benefit from Thread Habit's sales. This Court also has personal jurisdiction over Tucker because, according to Illinois Secretary of State records, Thread Habit was dissolved on April 14, 2023 and, on information and belief, Tucker has been operating Thread Habit as an individual or sole proprietor since that time.

59.     This Court has personal jurisdiction over Bravada because, on information and belief, Bravada has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Bravada because, on information and belief, Bravada has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

60.     This Court has personal jurisdiction over Jane because, on information and belief, Jane has sold, offered for sale, distributed, and/or shipped Infringing Leggings to customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Jane because, on information and belief, Jane have regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

61.     This Court has personal jurisdiction over Cozi Bear because, on information and belief, Cozi Bear has sold, offered for sale, distributed, and/or shipped Infringing Leggings to

customers in this judicial district, including the sale into this judicial district detailed in this Complaint. This Court also has personal jurisdiction over Cozi Bear because, on information and belief, Cozi Bear has regularly transacted business in New York, regularly done or solicited business in New York, and derived substantial revenues from products sold to customers in New York and in this judicial district, including the Infringing Leggings.

62.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the registered copyrighted work that is the subject of Plaintiff's claim was designed and authored in this judicial district and because, on information and belief, Defendants have sold, offered for sale, distributed, and/or shipped Infringing Leggings direct to consumers in this judicial district and/or to retailer customers who then sold to consumers in this judicial district.

## **FACTUAL BACKGROUND**

### **Just One's Business**

63.     Just One is a company run by a family that has decades of experience in the women's fashion and accessories industry. Just One has provided stylish women's apparel with a fashion-forward mindset to consumers nationwide since 2007. Just One designs and produces apparel, accessories, and beauty products under its Just One brand and private label brands that cater to all the needs of today's woman.

64.     Just One's products are offered for sale and sold at its showroom in New York City and via a number of third-party retailers. Notably, third-party retailers of Just One products have included the following defendants in this action: Walmart, Amazon, JCPenney, Target, Boscov's, and Groupon. Other third-party retailers that have sold Just One's products include but are not limited to Saks Off 5th, Nordstrom, Nordstrom Rack, Marshalls, TJ Maxx, Burlington, Ross, Rite Aid, Kroger, Beall's, Fashion Nova, Rainbow Shops, and Spencer's Gifts.

65.     Since on or about June 30, 2015, Just One has been selling and offering for sale its Printed Peached Holiday Leggings Style #J5LES 0101 (the "Just One Leggings") to customers around the United States. The Just One Leggings bear the following repeating pattern designed by Just One and bearing the internal identifier "RP-343" (the "Registered Design"):



Higher resolution images of the Registered Design and the Registered Design as it appears on the Just One Leggings are annexed as Exhibit A.

66.     The Registered Design consists of material which is original to Just One and is copyrightable subject matter under the copyright law of the United States, 17 U.S.C. §101 *et seq*.

67.     On information and belief, the Defendants had access to the Registered Design through the sales of the Just One Leggings by retailers around the United States, and/or through Just One's solicitations to prospective retailer customers, including certain Defendants, to sell Just One Leggings. Such solicitations would have included a document identical or similar to the document annexed as Exhibit B.

68.     On February 7, 2023, the United States Copyright Office duly and lawfully issued to Plaintiff Copyright Registration No. VA 2-335-193, entitled "RP-343", covering the Registered Design. A copy of the registration certificate is annexed as Exhibit C.

69.     Just One's Copyright Registration No. VA 2-335-193 for the Registered Design is valid, subsisting, and in full force and effect.

**White Mark Defendants' Infringing Conduct**

70.     On or about April 1, 2022, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold at Kohl's that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased directly from the White Mark Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

Just One Leggings                    White Mark Leggings

     

A higher resolution image of the White Mark Leggings is annexed as Exhibit D.

71.      On information and belief, the White Mark Leggings are sold directly to consumers on the White Mark Defendants' web site, as well as through a number of retailers, which includes but is not limited to the following Retail Defendants: the Kohl's Defendants, Belk, the JCPenney Defendants, Super, Amazon, the Walmart Defendants, Boscov's, Groupon, and Target. A copy of the White Mark Leggings product page on White Mark's website is annexed as Exhibit E.

72.      On information and belief, White Mark designed, manufactured, sourced, and began selling the White Mark Leggings at the direction of and under the supervision of its Chief Executive Officer, Hazut.

73.      On information and belief, the White Mark Defendants have designed, have sold and are selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

**Eevee's Infringing Conduct**

74.     In May of 2023, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by the Thread Habit Defendants and Bravada that infringed the Registered Design. Just One purchased a pair of the leggings from the Thread Habit Defendants and Bravada for delivery to an address in this judicial district, and each arrived bearing EEVEE branding. A comparison of photographs of the Just One Leggings and each pair of Eevee Leggings purchased from the Thread Habit Defendants and Bravada appears below.

<table>
<tr><td>Just One Leggings</td><td>Eevee Leggings<br>(Thread Habit Defendants)</td></tr>
</table>





Just One Leggings

Eevee Leggings
(Bravada)





A higher resolution image of each pair of Eevee Leggings is annexed as Exhibit F.

75.   On information and belief, the Eevee Leggings are sold directly to consumers on Eevee's web site, as well as through a number of retailers, which includes but is not limited to the Thread Habit Defendants and Bravada. Copies of the Eevee Leggings product pages on Thead Habit's website and Bravada's World of Leggings website are collectively annexed as Exhibit G.

76.   On information and belief, Eevee has designed, has sold and is selling the Eevee Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

**Leggings Depot Defendants' Infringing Conduct**

77.   In May of 2023, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by the Jane Defendants that infringed the Registered Design. Just One purchased a pair of the leggings for

delivery into this judicial district, which arrived bearing LEGGINGS DEPOT branding. A comparison of photographs of the Just One Leggings and Leggings Depot Leggings purchased from the Jane Defendants appears below.

<div style="display:flex">
Just One Leggings          Leggings Depot Leggings
</div>

 

A higher resolution image of the Leggings Depot Leggings is annexed as Exhibit H.

78.     On information and belief, the Leggings Depot Leggings are sold by the Leggings Depot Defendants on a wholesale basis, as well as directly to consumers through a number of retailers, which includes but is not limited to the Jane Defendants. A copy of the Leggings Depot Leggings product page on Jane's website is annexed hereto as Exhibit I.

79.     On information and belief, Leggings Depot designed, manufactured, sourced, and began selling the Leggings Depot Leggings at the direction of and under the supervision of its Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director, Kim.

80.     On information and belief, the Leggings Depot Defendants have designed, have sold and are selling the Leggings Depot Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

### Kohl's Defendants' Infringing Conduct

81.     On or about April 1, 2022, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold at Kohl's that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased from the Kohl's Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

<table>
<tr><td align="center">Just One Leggings</td><td align="center">White Mark Leggings<br>(Kohl's Defendants)</td></tr>
<tr><td></td><td></td></tr>
</table>

A higher resolution image of the White Mark Leggings purchased from the Kohl's Defendants is annexed as Exhibit J. A copy of the White Mark Leggings product page on the Kohl's website is annexed as Exhibit K.

82. On information and belief, the Kohl's Defendants have sold and are selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

83. As part of its sales efforts Just One has sent the Kohl's Defendants listings of various Just One products for purchase, including, on information and belief, a document identical or similar to the document annexed as Exhibit B.

### Belk's Infringing Conduct

84. In April of 2022, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by Belk that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased from Belk in June of 2023, which were delivered to an address in this judicial district, appears below.

<u>Just One Leggings</u>                    <u>White Mark Leggings</u>
                                                (Belk)

     

A higher resolution image of the White Mark Leggings purchased from Belk is annexed as

<u>Exhibit L</u>. A copy of the White Mark Leggings product page on Belk's website is annexed as

<u>Exhibit M</u>.

85.     On information and belief, Belk has sold and is selling the White Mark Leggings

bearing the design infringing the Registered Design in a number of variations that are nearly

identical except for color.

**<u>JCPenney Defendants' Infringing Conduct</u>**

86.     In April of 2022, years after Just One had been selling the Just One Leggings

bearing the Registered Design, Just One became aware of leggings being sold by the JCPenney

Defendants that infringed the Registered Design. Just One purchased a pair of the leggings,

which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One

27

Leggings and the White Mark Leggings purchased from the JCPenney Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

<div align="center">

Just One Leggings            White Mark Leggings
(JCPenney Defendants)

</div>

 

A higher resolution image of the White Mark Leggings purchased from the JCPenney Defendants is annexed as Exhibit N. A copy of the White Mark Leggings product page on JCPenney's website is annexed as Exhibit O.

     87.     On information and belief, the JCPenney Defendants have sold and are selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

     88.     Just One sold the Just One Leggings bearing the Registered Design to the JCPenney Defendants in the years 2016, 2017, and 2018.

**Super's Infringing Conduct**

89.     In May of 2022, years after Just One had been selling the Just One Leggings

bearing the Registered Design, Just One became aware of leggings being sold on

<dailysteals.com> that infringed the Registered Design.

90.     On information and belief, Super acquired the entity that operated

<dailysteals.com> ("DailySteals") in December of 2021 and now operates a store at

<super.com>. On further information and belief, Super assumed the liabilities DailySteals in that

acquisition.

91.     Just One purchased a pair of the leggings from Super, which arrived bearing

WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White

Mark Leggings purchased from Super in June of 2023, which were delivered to an address in this

judicial district, appears below.

Just One Leggings                      White Mark Leggings
                                              (Super)




A higher resolution image of the White Mark Leggings purchased from Super is annexed as
<u>Exhibit P</u>. A copy of the White Mark Leggings product page on Super's website is annexed as
<u>Exhibit Q</u>.

92.     On information and belief, Super and its since-acquired predecessor DailySteals
have sold and Super is selling the White Mark Leggings bearing the design infringing the
Registered Design in a number of variations that are nearly identical except for color.

<p align="center"><strong><u>Amazon's Infringing Conduct</u></strong></p>

93.     In May of 2022, years after Just One had been selling the Just One Leggings
bearing the Registered Design, Just One became aware of leggings being sold by Amazon that
infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing
WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White
Mark Leggings purchased from Amazon in June of 2023, which were delivered to an address in
this judicial district, appears below.

| <u>Just One Leggings</u> | <u>White Mark Leggings</u><br>(Amazon) |
|:---:|:---:|
|  |  |

A higher resolution image of the White Mark Leggings purchased from Amazon is annexed as Exhibit R. A copy of the White Mark Leggings product page on Amazon's website is annexed as Exhibit S.

94.     On information and belief, Amazon has sold and is selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

95.     Just One operates an Amazon Seller account through which it has sold a variety of products, including the Just One Leggings bearing the Registered Design from approximately 2016 until 2022.

**Walmart Defendants' Infringing Conduct**

96.     In May of 2022, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by the Walmart Defendants that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased from the Walmart Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

<u>Just One Leggings</u>                          <u>White Mark Leggings</u>
                                                    (Walmart Defendants)

          

A higher resolution image of the White Mark Leggings purchased from the Walmart Defendants
is annexed as <u>Exhibit T</u>. A copy of the White Mark Leggings product page on Walmart's website
is annexed as <u>Exhibit U</u>.

97.     On information and belief, the Walmart Defendants have sold and are selling the
White Mark Leggings bearing the design infringing the Registered Design in a number of
variations that are nearly identical except for color.

98.     As part of its sales efforts Just One has sent the Walmart Defendants listings of
various Just One products for purchase, including, on information and belief, a document
identical or similar to the document annexed as <u>Exhibit B</u>.

**<u>Boscov's Infringing Conduct</u>**

99.     In May of 2022, years after Just One had been selling the Just One Leggings
bearing the Registered Design, Just One became aware of leggings being sold by Boscov's that
infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing
WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White

Mark Leggings purchased from Boscov's in June of 2023, which were delivered to an address in this judicial district, appears below.

<u>Just One Leggings</u>                              <u>White Mark Leggings</u>
                                                                        (Boscov's)

          

A higher resolution image of the White Mark Leggings purchased from Boscov's is annexed as <u>Exhibit V</u>. A copy of the White Mark Leggings product page on the Boscov's website is annexed as <u>Exhibit W</u>.

100.    On information and belief, Boscov's has sold and is selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

101.    As part of its sales efforts Just One has sent Boscov's listings of various Just One products for purchase, including, on information and belief, a document identical or similar to the document annexed as <u>Exhibit B</u>.

**Groupon's Infringing Conduct**

102.    In April of 2022, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by Groupon that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased from Groupon in June of 2023, which were delivered to an address in this judicial district, appears below.

<div align="center">

Just One Leggings       White Mark Leggings
                 (Groupon)

</div>

 

A higher resolution image of the White Mark Leggings purchased from Groupon is annexed as Exhibit X. A copy of the White Mark Leggings product page on Groupon's website is annexed as Exhibit Y.

103.    On information and belief, Groupon has sold and is selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

<div align="center">34</div>

104.    As part of its sales efforts Just One has sent Groupon listings of various Just One products for purchase, including, on information and belief, a document identical or similar to the document annexed as Exhibit B.

**Target's Infringing Conduct**

105.    In May of 2023, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by Target that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing WHITE MARK branding. A comparison of photographs of the Just One Leggings and the White Mark Leggings purchased from Target in June of 2023, which were delivered to an address in this judicial district, appears below.

Just One Leggings                     White Mark Leggings
                                          (Target)




A higher resolution image of the White Mark Leggings purchased from Target is annexed as Exhibit Z. A copy of the White Mark Leggings product page on Target's website is annexed as Exhibit AA.

106.    On information and belief, Target has sold and is selling the White Mark Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

107.    As part of its sales efforts Just One has sent Target listings of various Just One products for purchase, including, on information and belief, a document identical or similar to the document annexed as Exhibit B.

## Thread Habit Defendants' Infringing Conduct

108.    In May of 2023, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by the Thread Habit Defendants that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing EEVEE branding. A comparison of photographs of the Just One Leggings and the Eevee Leggings purchased from the Thread Habit Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

Just One Leggings

Eevee Leggings
(Thread Habit Defendants)




A higher resolution image of the Eevee Leggings purchased from the Thread Habit Defendants is annexed as Exhibit BB. A copy of the Eevee Leggings product page on Thread Habit's website is annexed as Exhibit CC.

109.    On information and belief, the Thread Habit Defendants have sold and are selling the Eevee Leggings bearing the design infringing the Registered Design in a number of variations that are identical except for color.

110.    On information and belief, Thread Habit sourced and began selling the Eevee Leggings at the direction of and under the supervision of its Manager, Tucker.

**Bravada's Infringing Conduct**

111.    In May of 2023, years after Just One had been selling the Just One Leggings bearing the Registered Design, Just One became aware of leggings being sold by Bravada on its retail websites "World of Leggings" found at <www.worldofleggings.com>, "USA Fashion"

found at <www.usafashion.com>, "Leggings Wholesale Superstore" found at

<www.leggingswholesale.com>, and "Only Leggings Superstore" found at

<www.onlyleggings.com> that infringed the Registered Design. Just One purchased a pair of the

leggings from "World of Leggings," which arrived bearing EEVEE branding. A comparison of

photographs of the Just One Leggings and the Eevee Leggings purchased from Bravada in June

of 2023, which were delivered to an address in this judicial district, appears below.

<div align="center">

Just One Leggings       Eevee Leggings
(Bravada)

</div>



A higher resolution image of the Eevee Leggings purchased from Bravada is annexed as <u>Exhibit

DD</u>. A copy of the Eevee Leggings product page on Bravada's World of Leggings website is

annexed as <u>Exhibit EE</u>.

112.     On information and belief, Bravada has sold and is selling the Eevee Leggings

bearing the design infringing the Registered Design in a number of variations that are nearly

identical except for color.

<div align="center">

**<u>Jane Defendants' Infringing Conduct</u>**

</div>

113.     In May of 2023, years after Just One had been selling the Just One Leggings

bearing the Registered Design, Just One became aware of leggings being sold by the Jane

Defendants that infringed the Registered Design. Just One purchased a pair of the leggings, which arrived bearing LEGGINGS DEPOT branding. A comparison of photographs of the Just One Leggings and the Leggings Depot Leggings purchased from the Jane Defendants in June of 2023, which were delivered to an address in this judicial district, appears below.

<table>
<tr><td align="center">Just One Leggings</td><td align="center">Leggings Depot Leggings<br>(Jane Defendants)</td></tr>
</table>

 

A higher resolution image of the Leggings Depot Leggings purchased from the Jane Defendants is annexed as Exhibit FF. A copy of the Leggings Depot Leggings product pages on Jane's website is annexed as Exhibit GG.

114.    On information and belief, the Jane Defendants have sold and are selling the Leggings Depot Leggings bearing the design infringing the Registered Design in a number of variations that are nearly identical except for color.

## COUNT I

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (White Mark)

115.    Plaintiff repeats and realleges paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

117.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., White Mark began to manufacture, distribute, promote, advertise, market, sell, offer for sale, and ship its own White Mark Leggings to wholesale customers and to customers in this judicial district.

118.    Just One has not licensed or otherwise granted permission to White Mark to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

119.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings appear below:

Just One Leggings                     White Mark Leggings

      

120.    On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, White Mark had knowledge of and/or

access to the Registered Design as it appears on the Just One Leggings prior to designing, creating,

manufacturing, sourcing, and/or importing the White Mark Leggings.

121.    White Mark's development, manufacture, reproduction, importation, distribution,

advertising, marketing, sale, and offering for sale of the White Mark Leggings infringes upon Just

One's valuable, exclusive copyright in the Registered Design.

122.    Without Just One's permission, White Mark improperly and unlawfully copied,

manufactured, reproduced, created derivative works of, adapted, displayed, marketed, sold, and/or

distributed the White Mark Leggings, in violation of Just One's registered copyright in the

Registered Design.

123.    As a direct and proximate result of its infringement, White Mark has derived and

received gains, profits, and advantages in an amount not yet determined but believed to be in excess

of $25,000.

124.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to White Mark's infringing acts.

125.    Due to White Mark's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT II

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Hazut)

126.    Plaintiff repeats and realleges paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

128.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., under the direction and supervision of its Chief Executive Officer Hazut, White Mark began to manufacture, distribute, promote, advertise, market, sell, offer for sale, and ship its own White Mark Leggings to wholesale customers and to customers in this judicial district.

129.    Just One has not licensed or otherwise granted permission to White Mark or Hazut to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

130.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings appear below:

Just One Leggings                        White Mark Leggings



131.    On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, White Mark and/or Hazut had

knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior

to designing, creating, manufacturing, sourcing, and/or importing the White Mark Leggings.

132.    White Mark's development, manufacture, reproduction, importation, distribution,

advertising, marketing, sale, and offering for sale of the White Mark Leggings infringes upon

Just One's valuable, exclusive copyright in the Registered Design.

133.    Without Just One's permission, under Hazut's direction and supervision White

Mark improperly and unlawfully copied, manufactured, reproduced, created derivative works of,

adapted, displayed, marketed, sold, and/or distributed the White Mark Leggings, in violation of

Just One's registered copyright in the Registered Design.

134.    As a direct and proximate result of White Mark's infringement, as a corporate

officer deriving financial benefit from White Mark's sales, Hazut has derived and received gains,

profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

43

135.   Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to White Mark's infringing acts.

136.   Due to White Mark's infringing acts, undertaken under the direction and supervision of Hazut, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

### COUNT III

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501 (Eevee)

137.   Plaintiff repeats and realleges paragraphs 1 through 136 of the Complaint as if fully set forth herein.

138.   Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

139.   Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Eevee began to manufacture, distribute, promote, advertise, market, sell, offer for sale, and ship its own Eevee Leggings to wholesale customers and to customers in this judicial district.

140.   Just One has not licensed or otherwise granted permission to Eevee to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

141.   The design appearing on the Eevee Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Eevee Leggings appear below:

Just One Leggings                    Eevee Leggings




142.    On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, Eevee had knowledge of and/or access

to the Registered Design as it appears on the Just One Leggings prior to designing, creating,

manufacturing, sourcing, and/or importing the Eevee Leggings.

143.    Eevee's development, manufacture, reproduction, importation, distribution,

advertising, marketing, sale, and offering for sale of the Eevee Leggings infringes upon Just One's

valuable, exclusive copyright in the Registered Design.

144.    Without Just One's permission, Eevee improperly and unlawfully copied,

manufactured, reproduced, created derivative works of, adapted, displayed, marketed, sold, and/or

distributed the Eevee Leggings, in violation of Just One's registered copyright in the Registered

Design.

145.    As a direct and proximate result of its infringement, Eevee has derived and received

gains, profits, and advantages in an amount not yet determined but believed to be in excess of

$25,000.

146.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to the Eevee's infringing acts.

147.    Due to Eevee's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT IV

## Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
## (Leggings Depot)

148.    Plaintiff repeats and realleges paragraphs 1 through 147 of the Complaint as if fully set forth herein.

149.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

150.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Leggings Depot began to manufacture, distribute, promote, advertise, market, sell, offer for sale, and ship its own Leggings Depot Leggings to wholesale customers and, ultimately, to customers in this judicial district.

151.    Just One has not licensed or otherwise granted permission to Leggings Depot to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

152.    The design appearing on the Leggings Depot Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Leggings Depot Leggings appear below:

Just One Leggings                    Leggings Depot Leggings

      

153.    On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, Leggings Depot had knowledge of

and/or access to the Registered Design as it appears on the Just One Leggings prior to designing,

creating, manufacturing, sourcing, and/or importing the Legging Depot Leggings.

154.    Leggings Depot's development, manufacture, reproduction, importation,

distribution, advertising, marketing, sale, and offering for sale of the Leggings Depot Leggings

infringes upon Just One's valuable, exclusive copyright in the Registered Design.

155.    Without Just One's permission, Leggings Depot improperly and unlawfully copied,

manufactured, reproduced, created derivative works of, adapted, displayed, marketed, sold, and/or

distributed the Leggings Depot Leggings, in violation of Just One's registered copyright in the

Registered Design.

156.    As a direct and proximate result of its infringement, Leggings Depot has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

157.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Leggings Depot's infringing acts.

158.    Due to Leggings Depot's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

### COUNT V

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Kim)

159.    Plaintiff repeats and realleges paragraphs 1 through 158 of the Complaint as if fully set forth herein.

160.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

161.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., under the direction and supervision of its Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director Kim, Leggings Depot began to manufacture, distribute, promote, advertise, market, sell, offer for sale, and ship its own Legging Depot Leggings to wholesale customers and ultimately to consumers in this judicial district.

162.    Just One has not licensed or otherwise granted permission to Leggings Depot or Kim to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

48

163.    The design appearing on the Leggings Depot Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Leggings Depot Leggings appear below:

<div align="center">

Just One Leggings                       Leggings Depot Leggings

</div>

 

164.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Leggings Depot and/or Kim had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to designing, creating, manufacturing, sourcing, and/or importing the Leggings Depot Leggings.

165.    Leggings Depot's development, manufacture, reproduction, importation, distribution, advertising, marketing, sale, and offering for sale of the Leggings Depot Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

166.    Without Just One's permission, under Kim's direction and supervision Leggings Depot improperly and unlawfully copied, manufactured, reproduced, created derivative works of,

adapted, displayed, marketed, sold, and/or distributed the Leggings Depot Leggings, in violation of Just One's registered copyright in the Registered Design.

167.    As a direct and proximate result of Leggings Depot's infringement, as a corporate officer deriving financial benefit from Leggings Depot's sales, Kim has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

168.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Leggings Depot's infringing acts.

169.    Due to White Mark's infringing acts, undertaken under the direction and supervision of Kim, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

### COUNT VI

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Kohl's, Inc.)

170.    Plaintiff repeats and realleges paragraphs 1 through 169 of the Complaint as if fully set forth herein.

171.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

172.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Kohl's, Inc. began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

173.    Just One has not licensed or otherwise granted permission to the Kohl's, Inc.to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

174.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.   Images of the Just One Leggings and the White Mark Leggings purchased from Kohl's appear below:

Just One Leggings                    White Mark Leggings



175.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Kohl's including a product listing for the Just One Leggings, Kohl's, Inc. had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

176.   Kohl's, Inc.'s sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

177.   Without Just One's permission, Kohl's, Inc. improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

178.   As a direct and proximate result of its infringement, Kohl's, Inc. has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

179.   Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Kohl's, Inc.'s infringing acts.

180.   Due to Kohl's, Inc.'s infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

### COUNT VII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Kohl's Corporation)

181.   Plaintiff repeats and realleges paragraphs 1 through 180 of the Complaint as if fully set forth herein.

182.   Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

183.   Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Kohl's Corporation began to distribute, promote, advertise, market,

sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

184.    Just One has not licensed or otherwise granted permission to Kohl's Corporation to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

185.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Kohl's appear below:

<div align="center">

Just One Leggings      White Mark Leggings

</div>

 

186.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Kohl's including a product listing for the Just One Leggings, Kohl's Corporation had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing,

distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

187.    Kohl's Corporation's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

188.    Without Just One's permission, Kohl's Corporation improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

189.    As a direct and proximate result of its infringement, Kohl's Corporation has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

190.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Kohl's Corporation's infringing acts.

191.    Due to Kohl's Corporation's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT VIII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Belk)

192.    Plaintiff repeats and realleges paragraphs 1 through 191 of the Complaint as if fully set forth herein.

193.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

194.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Belk began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

195.    Just One has not licensed or otherwise granted permission to Belk to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

196.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Belk appear below:

<u>Just One Leggings</u>                                    <u>White Mark Leggings</u>

 

197.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Belk had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing,

promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

198.    Belk's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

199.    Without Just One's permission, Belk improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

200.    As a direct and proximate result of its infringement, Belk has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

201.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Belk's infringing acts.

202.    Due to Belk's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT IX

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Penney OpCo LLC)

203.    Plaintiff repeats and realleges paragraphs 1 through 202 of the Complaint as if fully set forth herein.

204.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

205.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Penney OpCo LLC began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

206.    Just One has not licensed or otherwise granted permission to Penney OpCo LLC to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

207.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from JCPenney appear below:

<div style="display:flex">
Just One Leggings                     White Mark Leggings
</div>




208.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales of the Just One Leggings to JCPenney from 2016 to 2018, Penney OpCo LLC had knowledge of and/or access to

the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

209.    Penney OpCo LLC's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

210.    Without Just One's permission, Penney OpCo LLC improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

211.    As a direct and proximate result of its infringement, Penney OpCo LLC has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

212.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Penney OpCo LLC's infringing acts.

213.    Due to Penney OpCo LLC's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT X

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Old COPPER Company, Inc.)

214.    Plaintiff repeats and realleges paragraphs 1 through 213 of the Complaint as if fully set forth herein.

215.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

216.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Old COPPER Company, Inc. began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

217.    Just One has not licensed or otherwise granted permission to Old COPPER Company, Inc. to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

218.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from JCPenney appear below:

<u>Just One Leggings</u>                    <u>White Mark Leggings</u>

    

219.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales of the Just One Leggings to JCPenney from 2016 to 2018, Old COPPER Company, Inc. had knowledge of and/or

access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

220.    Old COPPER Company, Inc.'s sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

221.    Without Just One's permission, Old COPPER Company, Inc. improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

222.    As a direct and proximate result of its infringement, Old COPPER Company, Inc. has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

223.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Old COPPER Company, Inc.'s infringing acts.

224.    Due to Old COPPER Company, Inc.'s infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XI

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Super)

225.    Plaintiff repeats and realleges paragraphs 1 through 224 of the Complaint as if fully set forth herein.

226.     Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

227.     Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Super and its since-acquired predecessor DailySteals began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

228.     Just One has not licensed or otherwise granted permission to Super or DailySteals to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

229.     The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Super appear below:

<div align="center">

Just One Leggings            White Mark Leggings

</div>




230.   On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Super and DailySteals had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

231.   Super's and DailySteals' sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

232.   Without Just One's permission, Super and DailySteals improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

233.   As a direct and proximate result of its infringement, Super and DailySteals have derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

234.   Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Super's and DailySteals' infringing acts.

235.   Due to Super's and DailySteals' infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Amazon)

236.   Plaintiff repeats and realleges paragraphs 1 through 235 of the Complaint as if fully set forth herein.

237.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

238.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Amazon began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

239.    Just One has not licensed or otherwise granted permission to Amazon to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

240.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.   Images of the Just One Leggings and the White Mark Leggings purchased from Amazon appear below:

<div align="center">

Just One Leggings                     White Mark Leggings

</div>

 

241.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales of the Just One

Leggings via its Amazon Seller account from 2016 to 2022, Amazon had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

242.    Amazon's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

243.    Without Just One's permission, Amazon improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

244.    As a direct and proximate result of its infringement, Amazon has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

245.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Amazon's infringing acts.

246.    Due to Amazon's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XIII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Walmart Inc.)

247.    Plaintiff repeats and realleges paragraphs 1 through 246 of the Complaint as if fully set forth herein.

248. Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

249. Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Walmart Inc. began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

250. Just One has not licensed or otherwise granted permission to Walmart Inc. to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

251. The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design. Images of the Just One Leggings and the White Mark Leggings purchased from Walmart appear below:

Just One Leggings                                          White Mark Leggings




252. On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Walmart

including a product listing for the Just One Leggings, Walmart Inc. had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

253.    Walmart Inc.'s sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

254.    Without Just One's permission, Walmart Inc. improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

255.    As a direct and proximate result of its infringement, Walmart Inc. has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

256.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Walmart Inc.'s infringing acts.

257.    Due to Walmart Inc.'s infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XIV

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Wal-Mart.com USA, LLC)

258.    Plaintiff repeats and realleges paragraphs 1 through 257 of the Complaint as if fully set forth herein.

259.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

260.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Wal-Mart.com USA, LLC began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

261.    Just One has not licensed or otherwise granted permission to Wal-Mart.com USA, LLC to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

262.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Walmart appear below:

<div style="text-align:center">

Just One Leggings        White Mark Leggings

</div>

 

263.     On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Walmart including a product listing for the Just One Leggings, Wal-Mart.com USA, LLC had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

264.     Wal-Mart.com USA, LLC's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

265.     Without Just One's permission, Wal-Mart.com USA, LLC improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

266.     As a direct and proximate result of its infringement, Wal-Mart.com USA, LLC has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

267.     Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Wal-Mart.com USA, LLC's infringing acts.

268.     Due to Wal-Mart.com USA, LLC's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XV

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Boscov's)

269.    Plaintiff repeats and realleges paragraphs 1 through 268 of the Complaint as if fully set forth herein.

270.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

271.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Boscov's began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

272.    Just One has not licensed or otherwise granted permission to Boscov's to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

273.    The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Boscov's appear below:

Just One Leggings                    White Mark Leggings




274.    On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to

Boscov's including a product listing for the Just One Leggings, Boscov's had knowledge of and/or

access to the Registered Design as it appears on the Just One Leggings prior to sourcing,

distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White

Mark Leggings.

275.    Boscov's sourcing, distributing, promoting, advertising, marketing, selling,

offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable,

exclusive copyright in the Registered Design.

276.    Without Just One's permission, Boscov's improperly and unlawfully sourced,

distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark

Leggings, in violation of Just One's registered copyright in the Registered Design.

277.     As a direct and proximate result of its infringement, Boscov's has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

278.     Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Boscov's infringing acts.

279.     Due to Boscov's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XVI

## Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Groupon)

280.     Plaintiff repeats and realleges paragraphs 1 through 279 of the Complaint as if fully set forth herein.

281.     Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

282.     Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Groupon began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

283.     Just One has not licensed or otherwise granted permission to Groupon to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

284.     The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Groupon appear below:

<u>Just One Leggings</u>                    <u>White Mark Leggings</u>

    

285.     On information and belief, given Just One's publication and sale of the Just One

Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Groupon

including a product listing for the Just One Leggings, Groupon had knowledge of and/or access to

the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing,

promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark

Leggings.

286.     Groupon's sourcing, distributing, promoting, advertising, marketing, selling,

offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable,

exclusive copyright in the Registered Design.

287.     Without Just One's permission, Groupon improperly and unlawfully sourced,

distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark

Leggings, in violation of Just One's registered copyright in the Registered Design.

288.     As a direct and proximate result of its infringement, Groupon has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

289.     Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Groupon's infringing acts.

290.     Due to Groupon's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XVII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Target)

291.     Plaintiff repeats and realleges paragraphs 1 through 290 of the Complaint as if fully set forth herein.

292.     Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

293.     Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Target began to distribute, promote, advertise, market, sell, offer for sale, and ship White Mark Leggings to customers in this judicial district and elsewhere.

294.     Just One has not licensed or otherwise granted permission to Target to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

295.     The design appearing on the White Mark Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the White Mark Leggings purchased from Target appear below:

Just One Leggings                     White Mark Leggings




296.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, and Just One's sales efforts to Target including a product listing for the Just One Leggings, Target had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the White Mark Leggings.

297.    Target's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the White Mark Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

298.    Without Just One's permission, Target improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the White Mark Leggings, in violation of Just One's registered copyright in the Registered Design.

299.   As a direct and proximate result of its infringement, Target has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

300.   Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Target's infringing acts.

301.   Due to Target's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XVIII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Thread Habit)

302.   Plaintiff repeats and realleges paragraphs 1 through 301 of the Complaint as if fully set forth herein.

303.   Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

304.   Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Thread Habit began to distribute, promote, advertise, market, sell, offer for sale, and ship Eevee Leggings to customers in this judicial district and elsewhere.

305.   Just One has not licensed or otherwise granted permission to Thread Habit to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

306.   The design appearing on the Eevee Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Eevee Leggings purchased from Thread Habit appear below:

Just One Leggings                    Eevee Leggings

   

307.     On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Thread Habit had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the Eevee Leggings.

308.     Thread Habit's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the Eevee Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

309.     Without Just One's permission, Thread Habit improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the Eevee Leggings, in violation of Just One's registered copyright in the Registered Design.

310.    As a direct and proximate result of its infringement, Thread Habit has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

311.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Thread Habit's infringing acts.

312.    Due to the Thread Habit's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XIX

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Tucker)

313.    Plaintiff repeats and realleges paragraphs 1 through 312 of the Complaint as if fully set forth herein.

314.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

315.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., under the direction and supervision of its Manager Tucker, Thread Habit began to distribute, promote, advertise, market, sell, offer for sale, and ship Eevee Leggings to customers in this judicial district and elsewhere.

316.    Just One has not licensed or otherwise granted permission to Thread Habit or Tucker to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

317.   The design appearing on the Eevee Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Eevee Leggings purchased from Thread Habit appear below:

Just One Leggings                              Eevee Leggings

   

318.   On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Thread Habit and/or Tucker had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the Eevee Leggings.

319.   Thread Habit's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the Eevee Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

320.   Without Just One's permission, under Tucker's direction and supervision Thread Habit improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold,

offered for sale, and shipped the Eevee Leggings, in violation of Just One's registered copyright in the Registered Design.

321.    As a direct and proximate result of Thread Habit's infringement, as a corporate officer deriving financial benefit from Thread Habit's sales, Tucker has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

322.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Thread Habit's infringing acts.

323.    Due to the Thread Habit's infringing acts, undertaken under the direction and supervision of Tucker, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XX

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Bravada)

324.    Plaintiff repeats and realleges paragraphs 1 through 323 of the Complaint as if fully set forth herein.

325.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

326.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Bravada began to distribute, promote, advertise, market, sell, offer for sale, and ship Eevee Leggings to customers in this judicial district and elsewhere.

327.    Just One has not licensed or otherwise granted permission to Bravada to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

328.    The design appearing on the Eevee Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Eevee Leggings purchased from Bravada appear below:

<div align="center">

Just One Leggings            Eevee Leggings

</div>

 

329.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Bravada had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the Eevee Leggings.

330.    Bravada's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the Eevee Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

331.   Without Just One's permission, the Bravada improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the Eevee Leggings, in violation of Just One's registered copyright in the Registered Design.

332.   As a direct and proximate result of its infringement, Bravada has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

333.   Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Bravada's infringing acts.

334.   Due to Bravada's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XXI

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Jane)

335.   Plaintiff repeats and realleges paragraphs 1 through 334 of the Complaint as if fully set forth herein.

336.   Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

337.   Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Jane began to distribute, promote, advertise, market, sell, offer for sale, and ship Leggings Depot Leggings to customers in this judicial district and elsewhere.

338.   Just One has not licensed or otherwise granted permission to Jane to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

81

339.   The design appearing on the Leggings Depot Leggings is substantially similar to Just One's copyright-protected Registered Design.   Images of the Just One Leggings and the Leggings Depot Leggings purchased from the Jane Defendants appear below:

<div style="text-align:center">

Just One Leggings                                Leggings Depot Leggings

</div>

 

340.   On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Jane had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the Leggings Depot Leggings.

341.   Jane's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the Leggings Depot Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

342.    Without Just One's permission, Jane improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the Leggings Depot Leggings, in violation of Just One's registered copyright in the Registered Design.

343.    As a direct and proximate result of its infringement, Jane has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

344.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Jane's infringing acts.

345.    Due to Jane's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.

## COUNT XXII

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501
### (Cozi Bear)

346.    Plaintiff repeats and realleges paragraphs 1 through 345 of the Complaint as if fully set forth herein.

347.    Just One's copyright registration for the Registered Design is valid, subsisting, and in full force and effect.

348.    Long after Just One began selling the Just One Leggings bearing Just One's Registered Design in the U.S., Cozi Bear began to distribute, promote, advertise, market, sell, offer for sale, and ship Leggings Depot Leggings to customers in this judicial district and elsewhere.

349.    Just One has not licensed or otherwise granted permission to Cozi Bear to use, reproduce, display, and/or create derivative works of the Registered Design, as protected by U.S. Copyright Registration No. VA 2-335-193.

350.    The design appearing on the Leggings Depot Leggings is substantially similar to Just One's copyright-protected Registered Design.  Images of the Just One Leggings and the Leggings Depot Leggings purchased from the Jane Defendants appear below:

<div align="center">

Just One Leggings       Leggings Depot Leggings

</div>

 

351.    On information and belief, given Just One's publication and sale of the Just One Leggings bearing the Registered Design beginning in 2015, Cozi Bear had knowledge of and/or access to the Registered Design as it appears on the Just One Leggings prior to sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping the Leggings Depot Leggings.

352.    Cozi Bear's sourcing, distributing, promoting, advertising, marketing, selling, offering for sale, and shipping of the Leggings Depot Leggings infringes upon Just One's valuable, exclusive copyright in the Registered Design.

353.    Without Just One's permission, Cozi Bear improperly and unlawfully sourced, distributed, promoted, advertised, marketed, sold, offered for sale, and shipped the Leggings Depot Leggings, in violation of Just One's registered copyright in the Registered Design.

354.    As a direct and proximate result of its infringement, Cozi Bear has derived and received gains, profits, and advantages in an amount not yet determined but believed to be in excess of $25,000.

355.    Pursuant to 17 U.S.C. § 504, Just One is entitled to its actual damages and any additional profits attributable to Cozi Bear's infringing acts.

356.    Due to Cozi Bear's infringing acts, Just One has suffered significant and irreparable injury for which Just One has no adequate remedy at law.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for entry of:

1)    A **FINAL JUDGMENT** that Defendants infringed Just One's copyright in the Registered Design in violation of 17 U.S.C. §§ 106 and 501;

2)    An **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from designing, importing, distributing, promoting, displaying, offering for sale, and selling any colorways of the White Mark Leggings, Eevee Leggings, or Leggings Depot Leggings;

3)    An **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently

thereafter, from infringing Just One's registered copyright in the Registered Designs;

4)     A further **ORDER**

(a)     requiring Defendants to account for all gains, profits, and advantages derived and accrued as a result of their infringement of Just One's registered copyright in the Registered Design; and

(b)     assessing to Just One an award of its actual damages, as well as all profits Defendants have derived from infringing Just One's registered copyright in the Registered Design; and

5)     A further **ORDER** assessing such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all facts so triable.

Dated: New York, New York             GOTTLIEB, RACKMAN & REISMAN, P.C.
      August 23, 2023


                By:     S/ David Rodrigues
                    Marc P. Misthal (MM 6636)
                    David Rodrigues (5099353)
                    Patrick B. Monahan (PM 0712)
                    mmisthal@grr.com
                    drodrigues@grr.com
                    pmonahan@grr.com
                    270 Madison Avenue, 8th Floor
                    New York, New York 10016
                    Phone: (212) 684-3900
                    Fax: (212) 684-3999

                    *Attorneys for Plaintiff Just One LLC*